UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

Case No.: 2:26-CV-950-KCD-DNF

JUNE YVONNE KENDALL,

  Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

  and

BANK OF AMERICA, N.A., as Plan Administrator,

  Defendants.

## COMPLAINT FOR BENEFITS AND EQUITABLE RELIEF
### UNDER ERISA, 29 U.S.C. § 1132

## I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover benefits due under the terms of an employee welfare benefit plan and to obtain equitable relief for Defendants' fiduciary breaches.

2. For over fifteen (15) years—nearly sixteen (16) years—Defendants systematically underpaid Plaintiff's Long-Term Disability ("LTD") benefits by calculating her coverage at 40% rather than her elected and documented level of 60% of annual pay plus eligible bonus.

1

3. Defendants' determination rests on unverified administrative "census" data, which conflicts with Plaintiff's enrollment records and benefit documentation.

4. Defendants further failed to properly identify and evaluate the correct claim and benefit component, as evidenced by the use of an incorrect claim number in the appeal determination.

5. As a result, Plaintiff has suffered substantial financial harm, including underpayment of benefits, loss of use of funds, and depletion of retirement assets.

---

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

7. Venue is proper under 29 U.S.C. § 1132(e)(2) because the Plan is administered and/or the breach occurred within this district and Plaintiff resides in this district.

---

## III. PARTIES

8. Plaintiff, June Yvonne Kendall, is a participant in the Merrill Lynch Long-Term Disability Plan ("the Plan").

9. Defendant Metropolitan Life Insurance Company ("MetLife") is the claims administrator and/or insurer responsible for determining LTD benefits and is a fiduciary under ERISA.

10. Defendant Bank of America, N.A. ("BANA") is the Plan Administrator and fiduciary responsible for Plan oversight, administration, and maintenance of participant records.

2

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Coverage Election

11. Plaintiff elected LTD coverage at 60% of annual pay plus eligible bonus.

12. Plaintiff's official enrollment record, generated by the employer's benefits system and dated September 12, 2009, confirms "data on our system as of September 12, 2009," as well as "Benefits and costs if you do not make any changes":

*"Long-Term Disability: 60% Annual Pay + Bonus."*

13. Plaintiff elected and paid premiums consistent with this level of coverage.

### B. Plan Structure

14. The Plan provided employer-paid basic LTD coverage and optional supplemental LTD coverage based on participant eligibility and election.

15. Plan terms provide that benefits depend on the coverage option elected by the participant.

### C. Disability and Employment Status

16. Plaintiff became disabled on or about July 6, 2009.

17. Plaintiff remained classified as an active employee on approved disability leave through approximately January 21, 2026, to the best of her knowledge.

18. Plaintiff continued to participate in employer-sponsored benefits during this period.

### D. Improper Benefit Calculation

19. Defendants calculated Plaintiff's benefits using a 40% supplemental rate rather than the elected 60% level.

3

20. This resulted in a monthly shortfall of approximately $775, which compounded over time.

---

### E. MetLife's Final Determination

21. MetLife issued a final denial dated March 24, 2026.

22. MetLife relied on employer-provided "census" data to support a 40% benefit level.

23. MetLife acknowledged that Plaintiff "elected and paid for LTD insurance" but failed to reconcile that admission with its determination.

24. MetLife did not produce any participant-level election record demonstrating that Plaintiff elected 40% coverage.

25. Upon information and belief, MetLife's appeal determination was issued under an incorrect claim number associated with Basic LTD coverage, rather than the Supplemental LTD coverage at issue.

26. This error further demonstrates that Defendants failed to properly identify, review, and adjudicate Plaintiff's claim.

---

### F. Resulting Harm

27. Defendants' conduct resulted in over fifteen (15) years of underpaid benefits, spanning nearly sixteen (16) years in total.

28. Plaintiff suffered financial harm, including:

- Loss of benefits due;

- Loss of use of funds;

4

- Depletion of retirement savings, including 401(k) withdrawals during the COVID period;

- Erosion of benefit value due to COLA increases capped at 3%.

## G. Damages

29. As a result of Defendants' conduct, Plaintiff has suffered substantial financial losses in the form of underpaid Long-Term Disability benefits over a period exceeding fifteen (15) years, approaching sixteen (16) years.

30. Based on current calculations, Plaintiff's underpaid benefits total approximately **$169,000**, exclusive of prejudgment interest.

31. When accounting for the time value of money and the prolonged duration of underpayment, Plaintiff's total damages, including prejudgment interest, are estimated to exceed **$225,000** and may exceed **$275,000**, subject to proof.

32. Plaintiff's losses were further compounded by cost-of-living adjustments capped at 3%, which failed to keep pace with actual economic conditions, resulting in additional erosion of benefit value over time.

33. As a direct result of the underpayment of benefits, Plaintiff was forced to access retirement funds, including withdrawals from her 401(k), to meet basic living expenses, causing additional financial harm, including lost investment growth and depletion of retirement assets.

34. Plaintiff will establish the full extent of her damages through evidence and reserves the right to supplement these calculations as appropriate.

## V. CLAIMS FOR RELIEF

### COUNT I
### Recovery of Benefits Due
### (29 U.S.C. § 1132(a)(1)(B))

35. Plaintiff incorporates all prior paragraphs.

36. Plaintiff is entitled to LTD benefits calculated at 60% of annual pay plus eligible bonus.

37. Defendants improperly calculated benefits at 40%, in violation of the Plan.

38. Plaintiff is entitled to:

- All benefits due under the Plan;

- Prejudgment interest;

- Attorneys' fees and costs.

### COUNT II
### Breach of Fiduciary Duty
### (29 U.S.C. § 1132(a)(3))

39. Plaintiff incorporates all prior paragraphs.

40. Defendants are fiduciaries under ERISA.

41. Defendants breached their fiduciary duties by:

- Failing to maintain accurate and complete records;

- Failing to reconcile conflicting participant-level documentation;

- Improperly relying on administrative data;

- Failing to administer benefits in accordance with Plaintiff's election;

- Failing to ensure that the correct claim and benefit component were reviewed.

42. As a result, Plaintiff suffered substantial financial harm.

6

43. Plaintiff seeks equitable relief, including:

- Surcharge;

- Reformation;

- Estoppel;

- Other appropriate equitable remedies.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award all benefits due under the Plan;

B. Award prejudgment interest;

C. Award equitable relief under ERISA;

D. Award attorneys' fees and costs;

E. Grant such other relief as the Court deems appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury to the extent permitted.

DATED: March 30, 2026

Respectfully submitted,

June Yvonne Kendall
Pro Se Plaintiff
PO Box 110485
Naples, FL 34108
619-884-6810

7