UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNE YVONNE KENDALL,

Plaintiff,

Case No. 2:26-CV-950-KCH-KRH

v.

METROPOLITAN LIFE INSURANCE COMPANY and BANK OF AMERICA N.A., AS PLAN ADMINISTRATOR,

Defendants,
_______________________________/

**ORDER**

Plaintiff June Yvonne Kendall claims she has been shorted her long-term disability benefits for the past fifteen years. She thus sues Defendants Metropolitan Life Insurance Company (MetLife) and Bank of America, N.A. (BofA) to recover her lost benefits and for breach of fiduciary duty. Defendants now move to dismiss this action on grounds that Kendall's claims are time-barred and otherwise fail as a matter of law. (Doc. 10.)[1] Kendall has responded (Doc. 13), making this matter ripe. For the reasons below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Here are the relevant facts taken from the operative complaint, which must be accepted as true at this stage. Kendall participates in a long-term disability benefits plan. (Doc. 1 ¶ 8.) BofA administers the plan and maintains participants' records. (*Id.* ¶ 10.) MetLife administers the plan's claims and is responsible for determining participant benefits. (*Id.* ¶ 9.) Both MetLife and BofA act as plan fiduciaries. (*Id.* ¶¶ 9-10.)

Kendall became disabled in 2009 and began receiving disability benefits "[f]or over fifteen" years. (*Id.* ¶ 2.) Despite electing to receive benefits worth sixty percent of her annual pay, each monthly check reflected just forty percent of her salary. (*Id.* ¶¶ 2, 11, 19.) This resulted in "over fifteen . . . years of underpaid benefits" and a nearly quarter-million-dollar loss. (*Id.* ¶¶ 27, 31.)

Kendall consequently sues Defendants under the Employee Retirement Income Security Act of 1974 (ERISA) to recover her lost benefits and for breach of fiduciary duty. (*Id.* ¶¶ 35-43.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III. Discussion**

ERISA "sets the minimum standards for employee benefit plans." *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 931 (11th Cir. 2021). The Act "creates federal causes of action for recovery of benefits under such plans." *Romano v. John Hancock Life Ins. Co. (USA)*, 120 F.4th 729, 738 (11th Cir. 2024). It also allows participants to sue plan fiduciaries for breach of their fiduciary duty. *Id.*

While Kendall brings both types of claims, neither survive. Her recovery-of-benefits claim is extremely late. And her breach-of-fiduciary-duty

claim fails since it relies on the same factual allegations underlying her recovery count. The Court tackles each claim in turn.

**a. Recovery of Benefits**

ERISA provides no statute of limitations for claims seeking recovery of benefits. *Northlake Reg. Med. Ctr. v. Waffle House System Emp. Benefit Plan*, 1303 (11th Cir. 1998). Courts consequently "borrow the most closely analogous state limitations period, unless the parties have contractually agreed to a different one in the ERISA plan." *Wilson v. Standard Ins. Co.*, 613 F. App'x 841, 842 (11th Cir. 2015). "If they have," the contractual limitations period applies except when it's unreasonably short or a controlling statute prevents its application. *Bakos v. UNUM Life Ins. Co. of Am.*, No. 22-11131, 2022 WL 3696648, at *2 (11th Cir. Aug. 25, 2022).

Defendants contend Kendall's ERISA plan contains a contractual limitations provision. As proof, they've attached that plan to their motion. (Doc. 10-1.) At the motion-to-dismiss stage, courts cannot usually consider "documents attached to a motion." *Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020). But "[u]nder the doctrine of incorporation by reference," such documents may be considered when: (1) "they are referred to in the complaint," (2) "central to the plaintiff's claim," and (3) "of undisputed authenticity." *Hi-Tech Pharmaceuticals, Inc. v. HBS International Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

All three boxes are checked here. Kendall's complaint repeatedly refers to her ERISA plan. (Doc. 1 ¶¶ 1, 8, 14, 15, 37, 38.) Her claim centers on what that plan entitled her to. (*Id.* ¶¶ 36, 37.) And she apparently concedes that Defendants have attached the correct paperwork. (*See* Doc. 13 at 3-5, 12-13.) The Court will therefore consider it. *See Gamache v. Hogue*, 446 F. Supp. 3d 1315, 1321 n.1 (M.D. Ga. 2020); *Ziegenhirt v. Lumbermens Mut. Cas. Co.*, No. 06-21969-CIV, 2007 WL 9706465, at *2 (S.D. Fla. Feb. 27, 2007) (considering ERISA plan documents attached to motion where they were "referred to in the pleading" and the plaintiff did "not challenge the motion . . . on the basis that it asks the Court to consider materials outside the pleadings").

Now for the plan itself. It contains a contractual limitations clause requiring legal actions on claims "be brought . . . during a certain period." (Doc. 10-1 at 46.) "This period begins 60 days after the date Proof is filed and ends 3 years after the date such Proof is required." (*Id.*) And "Proof"—which the plan defines as written evidence demonstrating the claimant has satisfied the conditions for benefits—must be filed "not later than 90 days after the date of loss." (*Id.* at 45.) In plain English, this means a claimant must submit their evidence of disability within 90 days of the loss, and they have exactly three years and 60 days from that date of proof to file a lawsuit.

Kendall's action is well outside this period. She "became disabled on or about July 6, 2009." (Doc. 1 ¶ 16.) She thus needed to file her Proof by

October 2009, and her limitations period began running by December. Her window to bring legal action thus closed by the end of 2012.

Yet Kendall offers pushback. She first contends that her claim's timeliness and accrual are factual issues that cannot be decided at this stage. She stresses the plan expressly states that delayed Proof "will not cause a claim to be denied or reduced if . . . given as soon as is reasonably possible." (Doc. 13 at 12-13.) And she says this means that there must be a factual determination about whether her Proof was given once reasonably possible.

But Kendall concedes that she's been receiving benefits payments since 2011. (Doc. 1 ¶ 2 ("For over fifteen (15) years—nearly sixteen (16) years—Defendants systematically underpaid Plaintiff's Long-Term Disability ("LTD") benefits[.]")). For that to be so, she would've had to have filed her Proof beforehand. It's hard to imagine how she could receive benefits otherwise. While perhaps it is *possible* she received checks before ever filing her claim, that is fanciful. And only reasonable inferences must be drawn in Kendall's favor—not implausible ones. *See Marchelletta v. Bergstrom*, 752 F. App'x 724, 731 (11th Cir. 2018); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 (9th Cir. 2014); *Donohoe v. Consol. Operating & Prod. Corp.*, 982 F.2d 1130, 1137 (7th Cir. 1992). So the "as soon as reasonably possible" language doesn't add any factual wrinkle here. Even if reasonable, Kendall's Proof—triggering her benefits—was filed by 2011 at

the very latest. Her deadline to bring legal action thus would have expired in 2015, and here we are over a decade later. This provision thus does not save her claim from being time-barred.

Kendall next seems to argue that because she only recently realized these underpayments, her claim could not have accrued any earlier. Yet there are a few problems with this point. First, it relies on several new factual allegations. For instance, Kendall claims Defendants had not "substantively disclosed" her benefits' underlying calculation methodology until her March 2026 administrative claims appeal. (Doc. 13 at 14.) She also insists that until then, all governing policy documents were solely in Defendants' possession. (*Id.* at 15.) "Since a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, any new factual allegations offered for the first time in Plaintiff's opposition will not be considered." *Merritt v. Mathewson*, No. 2:24-CV-397-KCD-NPM, 2026 WL 717975, at *2 (M.D. Fla. Mar. 16, 2026).

But even so, these new facts get her nowhere. The "clear repudiation rule" determines an ERISA claim's accrual date. *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1276 (11th Cir. 2014). This test looks to "when the claimant ha[d] reason to know that the claim administrator has clearly repudiated the claim or amount sought." *Id.* The Eleventh Circuit has recognized "that an ERISA cause of action may accrue when a claimant receives an underpayment on his benefits claim." *Id.*; *see also Ahanotu v. Ret. Bd. of Bert*

*Bell/Pete Rozelle NFL Player Ret. Plan*, No. 24-11442, 2025 WL 2427591, at *4 (11th Cir. Aug. 22, 2025). It's also signaled that after a year or more of under- or non-payment, claimants should understand their rights to have been rejected. *See Witt*, 772 F.3d at 1278 ("[W]e simply hold that, after the 12 months of nonpayment under the facts of this case, [Plaintiff] could not have reasonably believed but that his claim had been denied."); *Ahanotu*, 2025 WL 2427591, at *4 ("At some point in those 13 years [of underpayment], the defendants' refusal to pay [Plaintiff] his requested benefits—even without a formal denial letter—constituted a clear and continuing repudiation of [his] rights.").

Against this backdrop, it really doesn't matter when Kendall learned of the underpayments or what records she had access to. After the first year of light checks, she had reason to know that her benefits selection had been unfulfilled. *See Witt*, 772 F.3d at 1278; *Ahanotu*, 2025 WL 2427591, at *4. The twenty percent she claims to have been shorted was stark enough to make her aware she was being shorted. *See Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 518 (3d Cir. 2007) (holding that "monthly checks based on a simple calculation of sixty percent of his salary should have alerted [Plaintiff] that he was being underpaid" and thus constituted clear repudiation of his rights upon initial receipt); *cf. Gilmore v. Am. Basketball Ass'n Players' Ret. Plan*, No. 3:15-CV-337-J-JRK, 2015 WL 12806538, at *5-6 (M.D. Fla. Nov. 19,

2015) (finding no clear repudiation where complaint alleged that the lump-sum benefits payment was unexplained, undetailed, and otherwise not cleanly calculable). So her cause of action accrued long before this action was filed. *See Ahanotu*, 2025 WL 2427591, at *4; *see also Riley v. Metro. Life Ins. Co.*, 744 F.3d 241, 243 (1st Cir. 2014) (rejecting theory that a new claim accrues each month the plan submits an alleged underpayment, "join[ing] the three other circuit which have squarely confront and rejected" that theory, and recognizing that plaintiff's "entire alleged injury derives from a single action, MetLife's initial calculation of his disability benefits").

**b. Breach of Fiduciary Duty**

As mentioned, ERISA allows participants to sue their plans fiduciaries for "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). But "an ERISA plaintiff who has an adequate remedy under Section [1132](a)(1)(B) cannot alternatively plead and proceed" with an equitable-relief claim under section 1132(a)(3). *Odgen v. Blue Bell Creameries, U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003). This is because § 1132(a)(3) was intended to "act as a safety net, offering appropriate equitable relief for injuries caused by violations" that ERISA "does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

Kendall brings her breach-of-fiduciary claim under section 1132(a)(3) and expressly seeks equitable relief. (Doc. 1 ¶¶ 39-45.) But fatally, she uses

the same factual allegations underlying her recovery-of-benefits claim. *Hering v. New Directions Behav. Health, L.L.C.,* No. 6:19-CV-1727-ORL-RBD-DCI, 2020 WL 4740532, at *7 (M.D. Fla. Apr. 28, 2020). Both claims "incorporate all prior paragraphs." (Doc. 1 ¶¶ 35, 39.) And those paragraphs allege a recovery-of-benefits claim. (*Id.* ¶¶ 1-38.); *Braden v. Util. Trailer Mfg. Co.*, No. 1:14-CV-635-WKW, 2014 WL 6389570, at *3 (M.D. Ala. Nov. 14, 2014) (deeming allegations that plaintiff was plan beneficiary owed benefits by the defendant "sufficient to state a cause of action under § 1132(a)(1)(B)"). This equitable-relief claim thus does "not plead a factually distinct claim" and instead relies on the "same "allegations that purport to demonstrate [her] entitlement to benefits." *Pottayil v. ThyssenKrupp Elevator Corp.*, No. 1:17-CV-4431-CC, 2018 WL 11489283, at *10 (N.D. Ga. Oct. 9, 2018). It therefore fails. *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1237 n.1 (11th Cir. 1999) ("find[ing] no error in the district court's . . . dismissal of plaintiff's claim for breach of fiduciary duty as duplicative of Count I for recovery of medical benefits under 29 U.S.C. § 1132(a)(1)(B)").

Further, that Kendall's recovery-of-benefits claim is time-barred doesn't alter this result. *See Miller v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 7:06-CV-88(HL, 2007 WL 1287694, at *2 (M.D. Ga. May 1, 2007) ("Whether or not [Plaintiff's] § 1132(a)(1)(B) claim is eventually successfully is irrelevant to whether she should also be allowed to maintain a § 1132(a)(3)

claim."). All that matters is that when Kendall's "cause of action arose," ERISA elsewhere provided her "with an adequate remedy." *Odgen*, 348 F.3d at 1288. It is thus "irrelevant" that Kendall "no longer [has] a viable" recovery-of-benefits claim. *Id.* Accordingly, this claim fails as a matter of law and must be dismissed. *Till v. Lincoln Nat. Life Ins. Co.*, No. 2:14-CV-721-WKW, 2014 WL 6895285, at *4 (M.D. Ala. Dec. 5, 2014) (dismissing breach-of-fiduciary-duty ERISA claim since it relied on "the same factual predicate support[ing] Plaintiff's [1132]a(1)(B) action to recover benefits"); *cf. Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 916 (11th Cir. 2022) (concluding Plaintiff could proceed with breach-of-fiduciary-duty claim where he conceded he was not entitled to benefits).

That said, Kendall may still be able to successfully plead this claim if given another shot. Her response to Defendants' motion includes several new factual allegations which *might* support a viable breach-of-fiduciary-duty claim. (*See* Doc. 13 at 16-17); *Klaas v. Allstate Ins. Co.*, 21 F.4th 759, 771 (11th Cir. 2021) ("[A]n ERISA plan administrator's withholding of information may give rise to a cause of action for breach of fiduciary duty."); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1016 n.10 (11th Cir. 2003) ("[A]n ERISA participant has a right to information and that a failure-to-inform claim may lie against an ERISA administrator."). This claim is therefore dismissed without prejudice.

## IV. Conclusion

In sum, both of Kendall's claims fail. Her recovery-of-benefits claim comes about a decade late. And her breach-of-fiduciary-duty claim does not rely on independent factual allegations. But because it seems possible Kendall could sufficient plead this latter claim, she'll get another try.

Accordingly, Defendants' Motion to Dismiss, (Doc. 10), is **GRANTED in part** and **DENIED in part**. Count 1 is **DISMISSED with prejudice** while Count 2 is **DISMISSED without prejudice** to Kendall filing an Amended Complaint within **Fourteen (14) days of this Order**.

**ORDERED** in Fort Myers, Florida on August 11, 2026.

Kyle C. Dudek
United States District Judge