UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNE YVONNE KENDALL,

Plaintiff,

Case No. 2:26-CV-950-KCH-KRH

v.

METROPOLITAN LIFE INSURANCE COMPANY and BANK OF AMERICA N.A., AS PLAN ADMINISTRATOR,

Defendants,
______________________________/

**ORDER**

Plaintiff June Yvonne Kendall believes she was shortchanged on her long-term disability benefits. So she brought this lawsuit against the plan administrators, Defendants Metropolitan Life Insurance Company (MetLife) and Bank of America, N.A. (BofA). A few weeks ago, the Court dismissed her claim for withheld benefits because it was over a decade too late. Plaintiff now moves the Court to reconsider its ruling. (Doc. 28.)

District courts have inherent authority to reconsider their non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation

which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 1369.

Accordingly, a motion for reconsideration should be granted only when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[A] party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015).

Plaintiff's motion does exactly what the law forbids. She dresses up her previous argument in new garb. She insists that the twenty-percent shortfall was not a flat cut from her total salary, but a reduction buried deep within a tiered "Supplemental" calculation. Because the formula was so convoluted, she argues, she could not possibly have spotted the error just by looking at the face of her monthly checks. But that is simply a new wrapper on a familiar argument. Her core theory remains unchanged: she did not

immediately realize her benefits were lower than they should have been. The Court has already considered and rejected that position.

The bottom line is undeniable—Plaintiff received allegedly deflated checks every month for fifteen years. Even if the shortfall was not glaringly obvious on day one, at some point well before the fifteen-year mark, Plaintiff knew, or reasonably should have known, about the shortfall. Her claim is therefore definitively time-barred. And because the fatal defect is the sheer passage of time, no amount of amending the complaint will fix that basic reality. Plaintiff's motion for reconsideration (Doc. 28) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on August 24, 2026.

Kyle C. Dudek
United States District Judge